**E-FILED**
Wednesday, 24 June, 2015  02:37:26 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANTHONY WATTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 15-cv-1222 |
| ) | |
| J.E. KRUEGER, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on June 1, 2015. For the reasons stated below, the Petition is denied.

### BACKGROUND

Petitioner was sentenced in the United States District Court for the Southern District of Illinois on July 27, 2006, to two hundred ninety months of imprisonment after pleading guilty to the offenses of conspiracy and knowingly and intentionally possessing a controlled substance with intent to distribute. (Doc. 251 and 352, *United States v. Watts*, No. 03-cr-30015-DRH-3). He is currently serving this sentence at the Federal Correctional Institution in Pekin, Illinois. His Petition concerns a matter of prison discipline. (Doc. 1 at 11). Petitioner seeks relief pursuant to 28 U.S.C. § 2241, challenging his loss of forty-one days of good time credit ("DGCT") after a disciplinary hearing, from a charged violation of possessing a weapon. (Doc. 1 at 11). As a challenge to the execution of his sentence,

particularly challenging the lawfulness of the deprivation of his good time credit, Petitioner's claim is properly raised in a § 2241 petition. *Jones v. Cross*, 637 F.3d 841, 845 (7th Cir. 2011), *Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998). Moreover, it has been held that federal inmates must be afforded due process before any of their good time credits—in which they have a liberty interest—can be revoked. *Jones*, 637 F.3d at 845.

## LEGAL STANDARDS

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case, s*ee* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b) .[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Therefore, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition.

## DISCUSSION

It appears plainly from the Petition that no due process violation occurred when Petitioner was assessed a penalty of the loss of good time credits for being found in possession of a weapon.

According to the Petition, on or about December 3, 2014, Petitioner and fellow inmate Hughes resided in a cell in the FCI Pekin institution. (Doc. 1 at 16). An officer performed a search of the cell and found a weapon inside the light fixture

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

above the sink, a common area to the cell. (Doc. 1 at 16). Petitioner was charged with possession of a weapon. (Doc. 1 at 8). Petitioner was given a timely hearing and the opportunity to contest the charge. (Doc. 1 at 8). Petitioner contended that the weapon was not his and he had no idea it was even there. The Disciplinary Hearing Officer ("DHO") concluded there was sufficient evidence to find Petitioner guilty because there was no contention that the weapon was not present and the weapon was found in a common area of the cell accessible to both Petitioner and inmate Hughes. (Doc. 1 at 9). Inmate Hughes testified that the weapon was his, but the DHO concluded that because the regulations state all inmates assigned to a cell are responsible for ensuring the cell is free of contraband and the weapon was found in a common area of the cell, Petitioner was guilty of the charged misconduct.

Petitioner asserts that his due process rights were violated because the DHO did not credit the testimony of inmate Hughes. Moreover, Petitioner asserts that in another case with similar circumstances, the DHO found that an inmate in whose cell contraband was discovered was not held to be culpable for possession because that inmate's cellmate told officials that the contraband was his and not the other inmate's. (Doc. 1 at 11-12). Thus, Petitioner argues that his good time credits have been taken through a flawed decisional process that arbitrarily applies purported rules. The Petitioner's argument has no merit.

As to due process:

Federal inmates must be afforded due process before any of their good time credits—in which they have a liberty interest—can be revoked. *See Brooks–Bey v. Smith*, 819 F.2d 178, 180 (7th Cir. 1987). In the context of a prison disciplinary hearing, due process requires that the prisoner receive (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary

3

> evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *Wolff v. McDonnell*, 418 U.S. 539 (1974). A disciplinary decision must also be supported by "some evidence" to satisfy due process. *Scruggs*, 485 F.3d at 941 (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985)).

*Jones*, 637 F.3d at 845. The facts here clearly show that Petitioner received all the due process required in the above quoted statement of the law. There was ample evidence, not merely "some evidence", to support the DHO's decision. Again, the weapon was found in the cell. Petitioner was an occupant of the cell and had been for several years. The weapon was retrieved from a common area of the cell accessible to both the Petitioner and inmate Hughes. In the case of the inmate the Petitioner cites as an example of the arbitrary application of institutional rules to the decisional process, the contraband was not recovered from a common area of the cell, but from the personal locker of the inmate's cellmate. Thus, there was independent evidence to corroborate that inmate's cellmate's assertion that the contraband was his, whereas there was no independent evidence here to corroborate inmate Hughes's claim that the weapon was his and not Petitioner's.

Thus, there is simply no basis for a factfinder to conclude Petitioner was denied due process in the loss of his good time credits as a penalty for being found to be in possession of a weapon or that the DHO ruled arbitrarily.

## CONCLUSION

For the reasons stated above, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED. CASE TERMINATED.

IT IS SO ORDERED.

Entered this 24th day of June, 2015.

                                                                        s/ Joe B. McDade
                                                                      JOE BILLY McDADE
                                     United States Senior District Judge